NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
CATHY J. OSTILLER (Cal. Bar No. 174582)
PAUL G. STERN (Cal. Bar No. 162734)
KAREN E. ESCALANTE (Cal. Bar No. 304686)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6159/0715/3358
    Facsimile: (213) 894-6269
    E-mail:  cathy.ostiller@usdoj.gov
              paul.stern@usdoj.gov
              karen.escalante@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

E-FILED 3/15/18

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-00474-PSG-1 |
|---|---|
| Plaintiff, | [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| LORI RENEE MILLER, | |
| Defendant. | |

    The Court's having considered the stipulation of the parties with respect to the disclosure of information in discovery in this matter and good cause appearing therefor, the Court hereby ORDERS as follows:

    1.    The government may produce to the defense medical records and related documents that pertain to patients who allegedly received substance abuse treatment services from Atlantic Health Services, formerly Atlantic Recovery Services ("ARS"), and that

contain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Medi-Cal number) without redacting such information from the documents.

2. The government shall identify such information in discovery by using the following designation on the documents, on a diskette cover, or in an accompanying cover letter: "CONFIDENTIAL HEALTH INFORMATION - SUBJECT TO PROTECTIVE ORDER."

3. Defendant Lori Renee Miller and her counsel shall use documents that are so designated only for the purposes of this criminal case and shall not disclose the documents to non-parties, except as needed for the defense of the case, and only if the non-party agrees, in writing, to be bound by the terms of a protective order prohibiting the disclosure of the documents, or the confidential information contained therein, to other third parties.

4. Within 90 days of the conclusion of this criminal action, defendant shall either (1) return all designated documents to the government, as well as all copies and all notes, memoranda, or other documents containing confidential information obtained from the designated documents, or (2) destroy the documents and certify in writing to counsel for the government that the documents have been destroyed.

5. Absent a further order of the Court, designated documents shall not be filed with or submitted to the Court, or reproduced in any court filing, unless the documents are placed under seal or all patient-identifying information has been removed.

///

///

6. Prior to trial, no party shall disclose designated documents in open court without prior consideration by the Court.

IT IS SO ORDERED.

| 3/15/18 | PHILIP S. GUTIERREZ |
|---|---|
| DATE | HONORABLE PHILIP S. GUTIERREZ<br>UNITED STATES DISTRICT JUDGE |

Presented by:

/s/
KAREN E. ESCALANTE
Assistant United States Attorney